```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,
v.                              Case No.  8:13-cv-2507-T-33AEP

CARL R. HAYES,

          Defendant.
_____/
```

### ORDER

This cause comes before the Court pursuant to Plaintiff United States of America's Motion for Summary Judgment (Doc. # 8), which was filed on October 30, 2013. Defendant Carl R. Hayes, an attorney representing himself in this case, failed to file a response in opposition to the Motion. Accordingly, the Court considers the Motion for Summary Judgment as an unopposed Motion.

However, this Court is not permitted to grant the Motion for Summary Judgment solely because such Motion is unopposed. Minhngoc P. Tran v. Boeing Co., 190 F. App'x 929, 932 (11th Cir. 2006)("district court cannot grant summary judgment just because the motion was unopposed, but must at least review all the evidentiary materials submitted in support of the motion for summary judgment to ensure the motion is supported.").

Here, the Court grants the Motion based upon its review of the entire record, viewing the evidence in the light most

favorable to Hayes as the non-movant, and based upon its finding that the Government is entitled to judgment as a matter of law in this student loan default case.

I. **Factual Background and Procedural History**

Hayes obtained a student loan on or about December 13, 1999, in the amount of $67,504.83 at 8.25% interest per annum from the U.S. Department of Education. (Doc. # 10 at 3). The loan was made by the Department of Education under the William D. Ford Federal Direct Loan Program under Title IV, Part D of the Higher Education Act of 1965, as amended, 20 U.S.C. Section 1087a. (Id.). Pursuant to 34 C.F.R. Section 685.202(b), a total of $3,059.95 in unpaid interest was capitalized and added to the principal balance. (Id.).

The Department of Education demanded payment according to the terms of the note, and Hayes defaulted on the obligation on June 11, 2001. (Id.). As explained by the Government in its supplement, Hayes made voluntary payments of $864.00 before the default on June 11, 2001, and $13,129.00 in voluntary payments after default from 2002 to 2008. (Doc. # 10 at 1). "All payments were applied entirely to interest and/or collection costs." (Id.).

Pursuant to the Certificate of Indebtedness, Hayes owes the following to the Government:

2

```
Principal:      $70,564.78
Interest:       $66,352.90
Penalty:        $25
Debt as of 12/9/2013:    $136,942.68.
Interest accrues on the principal shown here at the
current rate of $15.94 per day.
```

(Doc. # 10 at 3).

The United States filed a Complaint to collect these sums plus costs and attorney's fees on September 27, 2013. (Doc. # 1). As to attorney's fees, the Government seeks $1,100.00 based on 5.5 hours at the rate of $200 per hour. The Government also seeks $75.00 in fees pursuant to 28 U.S.C. § 1921. Hayes filed an Answer to the Complaint denying the Complaint allegations, but did not assert any defenses. (Doc. # 7). At this juncture, the Government seeks summary judgment. (Doc. # 8). Hayes was given ample opportunity to respond to the Motion for Summary Judgment but declined to do so. In addition, on December 5, 2013, the Court directed the Government to provide further information to the Court regarding the amounts owed, which the Government timely submitted. (Doc. ## 8-9).

## II. **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

3

Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590,

593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

### III. Analysis

The Court determines that there is no genuine dispute as to any material fact and the Government is entitled to judgment as a matter of law. Hayes's denial of the Complaint allegations is insufficient to create a genuine issue for trial. See Anderson, 477 U.S. at 248 ("a party opposing a

5

properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.")(internal citations omitted). Based upon the Complaint, the Motion for Summary Judgment, the supporting materials, and Hayes's failure to assert any defenses or to identify any genuine issues for trial, the Court finds that the United States is entitled to the following amounts from Hayes:

```
Principal:              $70,564.78
Interest:               $66,416.66
Penalty:                $25
Debt as of 12/13/2013:  $137,006.44
Attorney's fees/costs:  $1,175.00
```

**Total Judgment Amount:    $138,181.44**

The Clerk is directed to enter a judgment in favor of the Government and against Hayes in the amount of **$138,181.44**. This judgment shall bear interest at the rate prescribed by 28 U.S.C. § 1961, and shall be enforceable as prescribed by 28 U.S.C. § 2001, et seq., 28 U.S.C. § 3001-3307 and Rule 69(a), Fed. R. Civ. P.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff United States of America's Motion for Summary Judgment (Doc. # 8) is **GRANTED.**

(2) The Clerk is directed to enter Judgment in favor of Plaintiff United States of America and against Defendant Carl R. Hayes in the amount of $138,181.44.

(3) The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of December, 2013.

                                                          _____
                                                          VIRGINIA M. HERNANDEZ COVINGTON
                                                          UNITED STATES DISTRICT JUDGE

Copies:  All Counsel and Parties of Record